# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2018

Lyle W. Cayce
Clerk

No. 17-60607
Summary Calendar

LIDIA ELIZABETH FRANCO-REYES; BRAYAN ANDRES ASENCIO-FRANCO; KATERIN VANESSA ASENCIO-FRANCO,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 678 100
BIA No. A208 678 101
BIA No. A208 678 102

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Lidia Elizabeth Franco-Reyes, together with her derivative beneficiaries Brayan Andres Asencio-Franco and Katerin Vanessa Asencio-Franco, petition for review of the decision of the Board of Immigration Appeals (BIA) affirming the decision of the immigration judge (IJ) to deny her application for asylum

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and withholding of removal.  Franco-Reyes does not challenge the BIA's agreement with the IJ that her originally-identified particular social group of "persons who are unwilling or cannot return to their native country because of their social or economic status" was not sufficiently particular and lacked social visibility.  Thus, she has abandoned any such arguments.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2010).  Instead, she maintains that the BIA erred in declining to consider her claim that she was persecuted based on her membership in a particular social group consisting of an El Salvadoran "nuclear family headed by a woman with a partner who is perceived as being absent and who is perceived as having expatriated himself."  Franco-Reyes agrees that she did not delineate such a group to the IJ, but she contends that the BIA should have found that the claim was exhausted because the IJ nevertheless defined and considered such a group in his decision.

We review questions of law de novo.  *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).  An alien may be granted asylum if she is unable or unwilling to return to her home country because she has been persecuted or has a well-founded fear of persecution on account of a protected status, including membership in a particular social group.  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  A particular social group is one that has "social visibility," meaning that "members of a society perceive those with the characteristic in question as members of a social group," and "particularity," meaning that the group "can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons."  *Orellana-Monson v. Holder*, 685 F.3d 511, 519 (5th Cir. 2012) (internal quotation marks and citations omitted).  An asylum applicant has a duty to "clearly indicate . . . the exact delineation of any particular social

No. 17-60607

group(s) to which she claims to belong." *Matter of A-T-*, 25 I. & N. Dec. 4, 10 (BIA 2009).

Contrary to Franco-Reyes's assertion in the petition for review, the IJ did not sua sponte consider a family- and gender-based particular social group. Rather, the record reflects that the IJ acknowledged Franco-Reyes's potentially enhanced vulnerability based on her perceived status as head of household and remarked that such a group did not describe a "discrete class of persons" in light of varying social and economic factors – the factors presented by Franco-Reyes in her originally-defined particular social group. *Orellana-Monson*, 685 F.3d at 519. In addition, the IJ did not address whether any such group was socially visible in El Salvadoran society. *See id.*

The BIA thus did not err in refusing to consider Franco-Reyes's family- and gender-based particular social group. Accordingly, the petition for review is DENIED.

3